IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                CRIMINAL NO. 2:14cr88-002
                                  SENIOR JUDGE ROBERT G. DOURMAR


SHEILA CLARK LEWIS

<u>SENTENCING MEMORANDUM ON BEHALF OF SHEILA CLARK LEWIS</u>

COMES NOW the defendant, Sheila Clark Lewis, through counsel, and files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

The defendant may testify and will exercise her right to allocution at the sentencing in this matter, which is schedule for December 8, 2014. The defendant will address the Court about her remorse and acceptance of responsibility for committing the crimes charged in the Indictment.

<u>Sentencing under *Booker*</u>

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applies to the Federal Sentencing guidelines. *United States v. Booker*,

125 S.Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. *Id*. At 751. Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that:

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved by a jury beyond a reasonable doubt.

> *Id*. At 756.[1]

Based on this conclusion, the Court further found those provisions of the Federal Sentencing Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the Guideline's mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. *Booker*, 125 S.Ct. at 756. As a result, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id*. at 757.

---

[1] It should be noted that the fact-of-prior-conviction exception to the *Apprendi* rule is based on *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998). But the continued vitality of this case and the exception it created has been called into question not only by the broad reasoning of *Booker* itself, which would seem to apply to all enhancement facts, including facts of prior conviction, but also more recently by *Shepard v. United States*, 125 S.Ct. 1524 (2005). *Shepard* sharply limits the *Almendarez-Torrez* exception to the fact of prior conviction which is not contained in such conclusive records. As Justice Thomas notes, moreover, five justices agree that *Almendarez-Torrez* was wrongly decided. 125 S.Ct. at 1264 (Thomas, J., concurring).

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker,*

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4)(Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).

*Booker*, 125 S.Ct. at 757.

Thus, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in § 3553(a) requires the sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."

> § 3553(a) (2) states that such purposes are:
>
> (A)  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  To afford adequate deterrence to criminal conduct;
> (C)  To protect the public from further crimes of the defendant; and
> (D)  To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence § 3553(a) further directs sentencing courts to consider the following factors:

1) "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" § 3553(a)(1);
2) "[T]he kinds of sentences available" § 3553(a)(3);
3) "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" § 3553(a)(6);
4) "[T]he need to provide restitution to any victims of the offense." § 3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: In determining whether and to what extent imprisonment is appropriate based on 18 U.S.C. § 3553(a) factors, the judge is required to "recognize[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. § 3661, "*no limitation shall* be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part

4

H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. § 5H1. *See also United States v. Nellum*, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb 3, 2005) (Simon, J.), (taking into account fact that defendant, who was fifty-seven years of age at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism decreases with age; citing Report of the United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, May 2004); *United States v. Naylor*, ___ F. Supp. 2d. ___, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Fuller, J.), (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses, he was seventeen years of age, and noting that in *Roper v. Simmons*, 125 S.Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits

majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the § 3553(a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F.Supp.2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*. "*United States v. Jaber*, ___ F.Supp.2d ___, 2005 WL 605787*4 (D. Mass. March 16, 2005) (Gertner, J.). *See also, United States v. Ameline*, 400 F.3d 646-56 (9ᵗʰ Cir. Feb. 9, 2005), (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), *reh'g en banc granted*, 401 F.3d 1007 (9ᵗʰ Cir. 2005).

Justice Scalia explains the point well in his dissent from *Booker's* remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so.

*Booker*, 125 S.Ct. at 791 (Scalia, J., dissenting in part).

Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other § 3553(a) factors would violate the Sixth Amendment.

In sum, in every case a sentencing court must now consider all of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And, where the guidelines conflict with other sentencing factors set forth § 3553(a), these statutory sentencing factors should generally usurp the guidelines. See, *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989), (Becker, J. concurring in part, dissenting in part), (arguing that since § 3553(a) requires sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within the guideline range).

The Supreme Court in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007), established that the Sentencing Guidelines are simply an advisory tool to be considered alongside other statutory considerations enumerated in 18 U.S.C. § 3553(a). Moreover, in

two recent summary reversals, the same Court clearly expressed the Guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors. *Nelson v. United States*, ___ S. Ct. ___, 2009 WL 160585 (Jan. 26 2009); *Spears v. United States*, ___ S. Ct. ___, 2009 WL 129044 (Jan, 21, 2009).

The Court in *Nelson* held "Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable." 2009 WL 160585, at *1. The Court in *Nelson* stated further "[t]he Guidelines are [neither] *mandatory* on sentencing courts; [nor] *presumed* reasonable." *Id*. at *2 (emphasis in original). Thus, under recent precedent, sentencing courts err when they apply presumptive reasonableness to the Sentencing Guidelines and impose a sentence based on that presumption. *See also, United States v. Johnson*, ___ F.3d ___, ___, 2009 WL 161733, at *5 (6th Cir. Jan. 26, 2009). ("[I]t is clear that *Spears* applies with equal force to sentencing decisions under the new crack-cocaine Guidelines and that district courts may categorically reject and vary from the new Guidelines based on policy disagreements with those Guidelines.")

<u>Application of the Statutory Sentencing</u>
<u>Factors to the Facts of the Case at Bar</u>

1) The nature and circumstances of the offense and the
   history and characteristics of the defendant:

In the case at bar, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary to satisfy the purposes of sentencing:

Count One of a Thirteen-Count Criminal Indictment specifically charged Ms. Lewis with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. Counts Nine and Eleven of the indictment charged her with Wired Fraud, in violation of 18 U.S.C. § 1343. Count Thirteen of the indictment charged her with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. In addition, the Indictment charged Ms. Lewis with Criminal Forfeiture in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

On September 2, 2014, Ms. Lewis entered a plea of guilty to Counts One and Thirteen of the Indictment, which, as stated above, charged her with Conspiracy to Commit Wire Fraud and Wired Fraud, in in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1343, respectively.

The Indictment stated that "[f]rom in or about October 2012 and continuing through in or about September, 2013, in the Eastern District of Virginia, and elsewhere, the defendants,

SHAVIKA V. THOMPSON and SHELIA CLARK LEWIS knowingly and unlawfully combined, conspired and agree together, to commit the following offense: To devise and intend to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations and promises, and for the purpose of executing said scheme and artifice to knowingly and willfully cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, and signals in furtherance of a scheme and artifice to defraud in violation of Title 18, United States Code, Section 1343,"

The Indictment further stated that, as a part the conspiracy, the co-conspirators used the personal identifiable information, which included not limited to, names, social security numbers, dates of birth, and credit card account information, of unknowing individuals (victims), contained in medical patient lists provided to Shavika V. Thompson's employer by a telephone answering and messaging service utilized by local physicians and medical practices, to purchase merchandise and gifts cards with monetary value from local retailers, to wit, Sears, Kmart and Kohl's.

During the period beginning October 2012 and continuing through in or about September, 2013, the scope of the criminal activity that Sheila Clark Lewis agreed to jointly undertake and of which she had reasonably foreseeable knowledge made her

accountable for an actual loss to the 27 victims in the amount of $97,875.97.

Ms. Lewis' applicable sentencing guideline base offense level 7 is determined under U.S.S.G. §2B1.1(a)(1), which addresses violations under 18 U.S.C. § 1349 and 18 U.S.C. § 1343. She received an eight-level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(E) because the amount of the monetary loss to the victims exceeded $70,000, and additional two-level increase pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) because the offense involved more than ten victims. In addition, she received an additional two-level increase pursuant to U.S.S.G. § 3A1.1(b)(1) because she knew or should have known the victims in the offense were vulnerable. Also, she received a two-level reduction pursuant to U.S.S.G. §3E1.1(a) for acceptance of responsibility and an additional one-level reduction pursuant to U.S.S.G. §3E1.1(b) based on her timely notification of her intent to enter a plea of guilty to the offense.[2]

Ms. Lewis freely admitted her guilt to committing the offense and accepted responsibility for her actions. PSI Report, ¶ 22. She did play an aggravating or mitigating role in the

---

[2] Ms. Lewis' adjusted base offense level is 19; her total offense level is 16. Ms. Lewis has a criminal history category of IV, resulting in a sentencing guideline range of 33 to 41 months, plus 24 months consecutive, which was based on the probation officer's independent investigation of the Ms. Lewis' relevant conduct. The relevant conduct stated in Ms. Lewis' Statement of Facts, however, result in a total offense level of 12 and a resulting sentencing guideline range of 21 to 27 months, plus 24 months consecutive.

offense and she did not impede or obstruct justice. PSI Report, ¶¶ 20-21, 27. She has two misdemeanor convictions and 17 felony convictions, and no juvenile offense history. PSI Report, ¶¶ 39-43, 36. The probation officer is unaware of any other criminal conduct concerning Ms. Lewis. PSI Report, ¶¶ 47 - 48.

Currently, Ms. Lewis is fifty-six years of age. She had a normal childhood. PSI Report, ¶¶ 63 - 64.

Ms. Lewis had three children from a relationship with Fred Ellis. She suffers from to post-traumatic distress disorder as a result of the death of her mother and the mental and physical abuse she endured during her thirteen-year relationship with Mr. Ellis. PSI Report, ¶ 65. In 1995, Ms. Lewis married Derrick Garnett Lewis. PSI Report, ¶ 66.

Ms. Lewis' physical and mental health is poor. She suffers from malignant hypertension, high cholesterol, diabetes, kidney and liver problems, and acid reflux, as well as, post-traumatic distress disorder, major depression and anxiety. During several evaluations, she had been diagnosed with mood incongruent psychotic features, and independent personality disorder. She attends therapy. Also, Ms. Lewis has been reported to experienced hallucinations and suicidal ideations. She has been prescribed medications to treat her mental and physical conditions. She attends therapy and has undergone several recent surgeries. PSI Report, ¶¶ 69 - 70.

Ms. Lewis has no history of substance abuse. PSI Report, ¶ 71.

In 1976, Lewis graduated from Craddock High School. She studied Medical Billing at Everest College in 2002. In 2014, she studied Human Services at Tidewater Community College. PSI Report, ¶¶ 72 - 74.

Ms. Lewis has been unemployed since 1999, and currently receives social security disability benefits. PSI Report, ¶¶ 75 - 76.

Ms. Lewis has expressed remorse and accepted responsibility for committing the offenses. She has acknowledged the harm she had done to the victims by fraudulently using their personal identifiable information to purchase merchandise and gifts cards with monetary value from the local retailers Sears, Kmart and Kohl's. She endeavors to be a law abiding citizen upon her release from incarceration.

2) The kinds of sentences available.

In *Booker* the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker*, 125 S.Ct. at 756. As a result, the sentencing guidelines became advisory. *Id*.

Under Federal Criminal Code 18 U.S.C. § 3551(b) (1), (2) and (3), an authorized sentence includes a term of probation, a

fine, or a term of imprisonment. In addition, Federal Criminal Code 18 U.S.C. § 3561(a) (1), (2) and (3) states that probation is only prohibited where the offense of conviction is a Class A or Class B felony and the defendant is an individual, the offense is an offense for which probation has been expressly precluded, or the defendant is sentenced to a term of imprisonment for the same or a different offense that is not a petty offense. Finally, under Federal Criminal Code 18 U.S.C. § 3571(a), generally a defendant who has been found guilty of an offense may be sentenced to pay a fine. It is obvious under the circumstances that Ms. Lewis' only sentencing option is incarceration and fine.

<u>Proposed "Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)" for sentence at the low end of the sentencing guideline range</u>

A sentence within the applicable sentencing guideline in the range of 33 months incarceration, plus 24 months consecutive, is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a) because Ms. Lewis has accepted responsibility for committing the offenses and expressed remorse for her actions, and has indicated a desire to be a law abiding citizen upon her release from incarceration.

For the foregoing reasons, Sheila Clark Lewis respectfully submits that a sentence in the range of 33 months incarceration,

plus 24 months consecutive is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

                    SHEILA CLARK LEWIS


                    By: /s/ Harry Dennis Harmon, Jr.
                              Of Counsel

Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Sheila Clark Lewis
500 East Plume Street, Suite 105
Norfolk, Virginia 23510-2317
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
harry_harmon@verizon.net

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of December 2014, I will electronically file the foregoing document with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Randy C. Stoker
Assistant U.S. Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone No: (757) 441-6331
Facsimile No: (757) 441-6689
E-Mail: randy.stoker@usdoj.gov

I hereby further certify that on the 5th day of December 2014, I hand delivered a true copy of the foregoing Document to the following non-filing user to:

Leah D. Greathouse
U.S. Probation Officer
United States Probation Office
600 Granby Street, Suite 230
Norfolk, Virginia 23510
Telephone No: (757) 222-7411

/s/  Harry Dennis Harmon, Jr.
Harry Dennis Harmon, Jr., Esquire
Virginia State Bar No. 32395
Attorney for Sheila Clark Lewis
500 East Plume Street, Suite 105
Norfolk, Virginia 23510-2317
Telephone No: (757) 623-2353
Facsimile No: (757) 623-2354
E-Mail: harry_harmon@verizon.net