# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

**SHEILA CLARK LEWIS**

Defendant.

Case Number: 2:14CR00088-002

USM Number: 51133-083

Defendant's Attorney: Harry D. Harmon, Jr.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 13 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1349 | Conspiracy | Felony | In or About September 2013 | 1 |
| 18 U.S.C. 1028A(a)(1) | Aggravated Identity Theft | Felony | September 15, 2013 | 13 |

On motion of the United States, the remaining counts in the indictment to which the defendant has not pled guilty are hereby dismissed.

As pronounced on December 8, 2014, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this _____11_____ day of December, 2014.

/s/
Robert G. Doumar
Senior United States District Judge

Robert G. Doumar
Senior United States District Judge

Case Number: 2:14CR00088-002
Defendant's Name: LEWIS, SHEILA CLARK

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY-FIVE (65) MONTHS.** This term of imprisonment consists of a term of FORTY-ONE (41) MONTHS on Count 1 and a term of TWENTY-FOUR (24) MONTHS on Count 13, all to be served consecutively.

These terms are to be served consecutively to any other sentence, including the state sentences imposed by the Suffolk Circuit Court in the case of Commonwealth v. Lewis, under docket numbers CR08000567-01 and CR08000568-01. In addition, this sentence is consecutive to any other sentence imposed in this Court, including the sentence to be imposed at a supervised release violation hearing before Judge Allen. This supervision, from a prior case in the Western District of North Carolina, was transferred to this court. All of these sentences are to be consecutive.

The Court makes the following recommendations to the Bureau of Prisons:
1) The defendant shall participate in a program for mental health treatment. The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and or to the Bureau of Prisons and authorize communication between the probation officer, the Bureau of Prisons and the treatment provider.
2) That the United States Marshal to take into consideration her mental status when she is incarcerated by the federal system as this sentence is to run consecutive to any sentence imposed by the State of Virginia.
3) That the defendant be housed in an institution as close as reasonably possible to the Tidewater Virginia area.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Case 2:14-cr-00088-RGD-TEM Document 71 Filed 12/11/14 Page 3 of 6 PageID# 374
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case Page 3 of 6
Sheet 3 – Supervised Release

Case Number: 2:14CR00088-002
Defendant's Name: LEWIS, SHEILA CLARK

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FOUR (4) YEARS**. This term consists of a term of THREE (3) YEARS on Count 1 and a term of ONE (1) YEAR on Count 13, to run consecutively.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.
The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:14CR00088-002
Defendant's Name: LEWIS, SHEILA CLARK

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1. As reflected in the presentence report, the defendant presents a low risk of future substance abuse, and therefore, the court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563(a)(5). However, this does not preclude the probation office from administering drug tests as they may deem appropriate.

2. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4. The defendant shall provide the probation officer access to any requested financial information.

5. The defendant shall participate in a program approved by the United States Probation Office for financial counseling. The cost of this program is to be paid partially by the defendant all as may be directed by the probation officer.

6. The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be paid partially by the defendant all as directed by the probation officer.

7. The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and or to the Bureau of Prisons and authorize communication between the probation officer, the Bureau of Prisons and the treatment provider.

Case Number: 2:14CR00088-002
Defendant's Name: LEWIS, SHEILA CLARK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $99,875.97 |
| 13 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$200.00** | **$0.00** | **$99,875.97** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

The defendant must make restitution to the following payees in the amount listed below.

| | |
|---|---|
| Citi Security and Investigative Services<br>Attention: Victoria Yeager<br>14700 Citicorp Drive<br>Building 2, 1st Floor, MC 5205<br>Hagerstown, MD 21742 | $86,101.81 |
| Kohl's CSOC<br>Attention: Donna Hansen<br>N54 W13600 Woodale Drive<br>Menomonee Falls, WI 53051 | $7,706.67 |
| Fraud Department (NTELOS)<br>Attention: Sheila Halterman<br>1154 Shenandoah Village Drive<br>Waynesboro, VA 22980 | $4,088.02 |
| JC Penney Restitution<br>Synchrony Bank<br>P.O. Box 105969<br>Atlanta, GA 30353 | $979.47 |
| AT&T Risk Management<br>909 Chestnut Street Room 39-N-13<br>St. Louis, MO 63101 | $1,000.00 |
| **Total** | **$99,875.97** |

The defendant is jointly and severally liable for restitution with the following co-defendant/co-conspirator: SHAVIKA V. THOMPSON (2:14cr88-001) pending in this court.

Case Number: 2:14CR00088-002
Defendant's Name: LEWIS, SHEILA CLARK

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

Any balance remaining unpaid on the special assessment and restitution at the inception of supervision, shall be paid by the defendant in installments of not less than $100.00 per month, until paid in full. Said payments shall commence 60 days after the defendant's supervision begins.

At the time of supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment and restitution ordered and shall notify the court of any changes that may be needed to be made to the payment schedule.

Any special assessment and restitution payments may be subject to penalties for default and delinquency.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including the special assessment and restitution, shall be due during the period of imprisonment. All criminal monetary penalty payments, including the special assessment and restitution, are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

Each restitution payment shall be divided proportionately among the payees named.

SEE Consent Order of Forfeiture entered and filed in open court December 8, 2014.

SEE Restitution Order entered and filed in open court December 8, 2014.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.